Green, J.
delivered the opinion of the court.
As a general rule, by the law of England, which we recognize as the law of this State, a will of personal estate is required to be proved by two witnesses. Roberts on Frauds, 449: Toller on Executors, 57: Swinburne on Wills, 6, 45, 47, 65, 343: 1 Dallas, 278: 1 Pr. Wms. 13: 7 Bacon’s Abr. 328.
It is not always required, however, that the proof shall be by subscribing witnesses. As if the will be written *429 in the testator’s own hand, although it is not signed by him, nor attested by subscribing witnesses, it is good, provided his hand writing be sufficiently proved. 2 Blackstone’s Commentaries, 501. This proof must in general be by two witnesses. Roberts on Frauds, 450. If there be a subscribing witness who attests the fact of the identity of the will, the evidence of a single' witness as to the hand writing is said to be sufficient. Further than this, none of the authorities we have examined have gone.
If a testator say he has made his will, and it is in the possession of a particular person, proof of such declaration, coupled with the evidence of the witness in whose possession it was, will be sufficient. Swinburne, 52, 354. But this amounts to proof by two witnesses, and although such evidence is not so satisfactory as proof by two subscribing witnesses, nevertheless it furnishes a reasonable security against fraud. So if a will be wholly written by a testator, and there are corroborating circumstances, the clear testimony of one witness has prevailed. Roberts on Frauds, 450.
In the case before the court, the proof is less satisfactory than in any of the cases referred to. The will was neither written nor signed by the testator. The witness swears he made his mark, but that is not of any consequence. If the testator had written the whole will, the evidence of one unsupported witness would have made a much stronger case. A forgery of the testator’s hand throughout the body of the instrument would rarely occur. If he had signed his name to the paper, the possibility of detecting any unfairness would still have existed. But here there is nothing but the swearing of one witness, who says he wrote the will as directed by the testator, and signed the testator’s name to it. The testimony of the other witness, that the testator had said on a former occasion that he intended so to dispose of his property,, can have but little weight. It is not like the case where a testator is heard to say he had already made his will, and *430 that it ¡was in the hands of a particular person, and that person afterwards produces the will.
We are unwilling to say this paper is the will of B. Suggett, deceased, upon the proof offered. We think it would be going farther than the authorities warrant. To do so would be most unwise. It cannot but be perceived that a door would be opened to frauds and perjuries, to an alarming extent. In this State, where our statutes dispose of the estates of intestates in a manner so consonant to the principles of justice, and to the feelings of an enlightened community, there can be no reason why the courts, by an over solicitude to establish wills, should so greatly expose the heirs and next of kin to be defrauded.
In this case one witness swears the deceased said he intended to dispose of his property as .is done by this will; the other that he was directed how to write it. In the nature of things there is no possibility of contradicting the proof, if false. It is like evidence of the confessions of a party, the most suspicious of all proof. During the prevalence of a malignant epidemic, men are taken sick at a distance from home and from their friends, and die in a few hours. How easy for such a'will, supported by such proof as this, to be produced, by which an estate is wrested from the relatives of the deceased. It is not to be expected that the temptation thus held out would be always resisted. The protection of those entitled by law to intestates’ estates, and the removal from others of such temptation to frauds as would be presented, were this will established on this proof, alike demand of the court a contrary decision. The judgment will therefore be reversed, and the cause remanded for another trial.
Judgment reversed.